IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASIM LOWMAN, : | | |
|     Plaintiff : | | |
| : | | No. 1:23-cv-01731 |
| v. : | | |
| : | | (Judge Kane) |
| BOBBI JO SALAMON, et al., : | | |
|     Defendants : | | |

**MEMORANDUM**

On October 18, 2023, pro se Plaintiff Yasim Lowman ("Lowman"), who has been incarcerated in Rockview State Correctional Institution ("SCI-Rockview") at all relevant times, initiated the above-captioned action by filing a complaint alleging civil rights violations by several employees of SCI-Rockview. (Doc. No. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Lowman's complaint. For the reasons set forth below, the Court will dismiss the complaint without prejudice and grant Lowman leave to file an amended complaint.

I. BACKGROUND

Lowman's complaint provides sparse factual detail, but it alleges generally that various prison officials denied him showers and outdoor recreation for a period of approximately eleven days and that unspecified correctional officers denied him drinking water for seven days. (Doc. No. 1 at 8–12.) The complaint asserts that this treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment and seeks damages. (Id. at 8.)

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially

plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

**III.   DISCUSSION**

Having reviewed the complaint under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss it for failure to state a claim upon which relief may be granted. The complaint alleges that the conditions of Lowman's confinement amounted to cruel and unusual punishment. Plaintiffs advancing Eighth Amendment conditions of confinement claims must allege that: (1) they suffered a "sufficiently serious" deprivation; and (2) the prison official defendants had a sufficiently culpable state of mind. See Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2022) (quoting Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020)). The first element is an objective standard requiring allegations that the plaintiff was denied "the minimal civilized measures of

life's necessities." See id. (quoting Wilson v. Seiter, 501 U.S. 294, 299 (1991)).  It is not enough to allege that the plaintiff was uncomfortable.  See id.  Rather, the plaintiff must allege that the conditions of his confinement posed a "substantial risk of serious harm" to his health or safety.  See id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  The second element is subjective and requires allegations that defendants were deliberately indifferent to a substantial risk of serious harm to the plaintiff's health or safety.  See id. (citing Farmer, 511 U.S. at 834).  This requires allegations that defendants were aware of the risk and disregarded it.  See id. (citing Beers-Capitol v. Wetzel, 256 F.3d 120, 133 (3d Cir. 2001)).

Lowman's Eighth Amendment claims based on the denial of showers and outdoor recreation for approximately eleven days do not allege sufficiently serious deprivations of life's necessities to violate the Eighth Amendment.  See Barndt v. Wenerowicz, 698 F. App'x 673, 677 (3d Cir. 2017) (unpublished) (concluding that denial of showers and outdoor recreation for twenty-eight days was not a sufficiently serious deprivation to violate the Eighth Amendment); Fortune v. Hamberger, 379 F. App'x 116, 122 (3d Cir. 2010) (unpublished) (concluding that denial of adequate showers and outdoor recreation for fifteen days was not a sufficiently serious deprivation to violate the Eighth Amendment).  These claims accordingly fail as a matter of law.

Lowman additionally alleges that he was denied drinking water for a period of seven days.  Denial of drinking water for a period of seven days is a sufficiently serious deprivation of the minimal civilized measures of life's necessities to violate the Eighth Amendment.  See Chavarriaga v. N.J. Dep't of Corrs., 806 F.3d 210, 228 (3d Cir. 2015).  Nevertheless, the complaint fails to state a claim upon which relief may be granted with respect to the alleged denial of water because it does not allege which defendants were personally responsible for denying Lowman water.  A defendant cannot be liable for a violation of a plaintiff's civil rights

5

unless the defendant was personally involved in the violation.  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  Here, Lowman alleges generally that he was denied water, but he does not state which Defendants did so.  See (Doc. No. 1 at 10 ("I was neglected and deprived of water for seven days"); id. at 12 (stating that Lowman filed an administrative grievance wherein he claimed that he had been "denied [his] right to access water for drinking purposes and what staff did it," but not stating in the complaint who the responsible staff members were).  The complaint accordingly fails to state a claim upon which relief may be granted based on the denial of drinking water because it does not allege the Defendants' personal involvement.  See Jutrowski, 904 F.3d at 289.

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will deny further leave to amend as to Lowman's claims that he was denied showers and outdoor recreation for eleven days because those claims fail as a matter of

6

law. The Court cannot conclude, however, that further amendment would be futile or unjust with respect to Lowman's claim that he was denied drinking water for seven days. The Court will accordingly grant Lowman leave to file an amended complaint. Lowman is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the first two complaints or any other document already filed. The amended complaint should set forth Lowman's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to the defendant and sufficiently allege personal involvement of the defendant in the acts that Lowman claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. If Lowman fails to file an amended complaint, this case will be dismissed without further leave to amend for the reasons stated in this Memorandum.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Lowman's claims arising from the alleged denial of shower and outdoor recreation for eleven days, dismiss without prejudice Lowman's claim arising from the alleged denial of drinking water for seven days, and grant Lowman leave to file an amended complaint. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania