IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YASIM LOWMAN,** | : | |
|     Plaintiff | : | |
| | : | No. 1:23-cv-01731 |
| v. | : | |
| | : | (Judge Kane) |
| **BOBBI JO SALAMON, <u>et al.</u>,** | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, on this 5th day of January 2024, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 8, 14) are **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

    The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. Plaintiff's claims arising from the alleged denial of showers and outdoor recreation are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

7. Plaintiff's claim arising from the alleged denial of drinking water is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

8. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order with respect to his claim arising from the denial of drinking water. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims;

9. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form; and

10. If Plaintiff fails to file an amended complaint within thirty (30) days of the date hereof, this case will be dismissed without further leave to amend for the reasons stated in the accompanying Memorandum.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania