## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASIM LOWMAN, | : | |
| **Plaintiff** | : | |
| | : | **No. 1:23-cv-01731** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| BOBBI JO SALAMON, <u>et</u> <u>al.</u>, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a prisoner civil rights case in which pro se Plaintiff Yasim Lowman ("Lowman") alleges that Defendants violated his civil rights by denying him drinking water for a period of seven days. Presently before the Court is Defendants' motion for summary judgment. (Doc. No. 38.) For the following reasons, the Court will grant the motion for summary judgment and close this case.

## I. BACKGROUND AND PROCEDURAL HISTORY

Lowman initiated this case through the filing of a complaint on October 18, 2023. (Doc. No. 1.) On January 5, 2024, the Court dismissed Lowman's Eighth Amendment claim based on the deprivation of drinking water without prejudice based on Lowman's failure to allege Defendants' personal involvement, dismissed all other claims with prejudice, and granted Lowman leave to file an amended complaint to allege the Defendants' personal involvement with respect to the deprivation of water claim. (Doc. Nos. 17–18.) Plaintiff filed an amended complaint on February 8, 2024, and February 9, 2024. (Doc. Nos. 20–21.)[1] Defendants answered the amended complaint on April 15, 2024. (Doc. No. 26.) Defendants then filed the

---

[1] The amended complaint was received and docketed as two separate documents on the electronic docket of this case due to an apparent mailing error. <u>See</u> (Doc. Nos. 20–21). The Court directed all parties to treat the two documents as a single unified complaint. <u>See</u> (Doc. No. 22 at n.1).

instant motion for summary judgment on February 14, 2025.  (Doc. No. 38.)  Lowman has not

responded to the motion for summary judgment and the deadline for doing so has expired under

the Local Rules.[2]

## II.    MATERIAL FACTS[3]

Under the Pennsylvania Department of Corrections' grievance policy, DC-ADM 804, a

prisoner seeking to exhaust administrative remedies for a complaint regarding his prison

conditions must first submit a written grievance within fifteen (15) working days from the date

of the incident.  See (DC-ADM 804 § 1(A)(8), (Doc. No. 39-2 at 6)).  DC-ADM 804 provides

that the grievance must include "a statement of the facts relevant to the claim," "identify

individuals directly involved in the events," and "specifically state any claims [the inmate]

wishes to make concerning violations of Department directives, regulations, court orders, or

other law."  See (id. § 1(A)(11), Doc. No. 68-5 at 6).   Next, the prisoner must submit a written

appeal to an intermediate review level within fifteen (15) working days.  See (id. § 2(A)(1)(a),

Doc. No. 68-5 at 16).  Finally, the inmate must submit an appeal to the Secretary's Office of

---

[2]  On February 28, 2025, the Court received and docketed a letter from Lowman indicating that
he had not yet received the motion for summary judgment.  (Doc. No. 41.)  The Clerk of Court
mailed Lowman courtesy copies of the motion, the Defendants' supporting brief, and
Defendants' statement of material facts related to the motion after receiving the letter, and this
mailing is reflected on the Court's electronic docket.  The Court has not received any response to
the motion from Lowman since that letter, nor has it received any motions for extension of time
to respond to the motion.  The Court accordingly treats the motion for summary judgment as
unopposed and ripe for judicial review.

[3]  Unless otherwise noted, the background herein is derived from Defendants' Rule 56.1
statement of facts.  (Doc. No. 39.)  Lowman has not responded to the statement, so the factual
assertions in the statement are deemed admitted pursuant to the Local Rules.  See M.D. Pa. L.R.
56.1.  Additionally, because the Court ultimately grants Defendants' motion for summary
judgment based on Lowman's failure to exhaust administrative remedies, the facts set forth
below pertain only to the issue of exhaustion.

Inmate Grievances and Appeals ("SOIGA") within fifteen (15) working days.  See (id. §

2(B)(1)(b), Doc. No. 68-5 at 19).

Lowman filed two grievances during the period relevant to this case: grievance numbers

1048349 and 1050279.  (Doc. No. 39 ¶ 14.)  In grievance number 1048349, Lowman did not

complain about the denial of drinking water.  (Id. ¶ 15.)  Lowman attempted to appeal grievance

number 1048349 to final review by SOIGA, but his appeal was dismissed for failure to include

the proper supporting documentation. (Id. ¶¶ 19–20.)  In grievance number 1050279, Lowman

complained about the denial of drinking water, but he failed to appeal the grievance through all

stages of administrative review.  (Id. ¶¶ 22, 27.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to render summary judgment "if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a).  "[T]his standard provides

that the mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no

genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence would affect the outcome of the case under

applicable substantive law.  See id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078

(3d Cir. 1992).  A dispute of material fact is "genuine" if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 257; Brenner v.

Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the Court must

view the facts and all reasonable inferences in favor of the nonmoving party.  See Moore v.

3

Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988).  To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine dispute of material fact, the nonmoving party is required to go beyond his pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine dispute.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case that it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  See Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

        In determining whether a dispute of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party.  See White, 862 F.2d at 59.  In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.  See id. (citations omitted).  However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement

required to be served by the moving party will be deemed to be admitted." See L.R. 56.1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id.

A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-cv-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

## IV.    DISCUSSION

Defendants argue that they are entitled to summary judgment because Lowman failed to exhaust administrative remedies and because Lowman's claims fail on their merits. (Doc. No. 40.) The Court begins its analysis with the exhaustion argument, and because the Court ultimately concludes that Defendants are entitled to summary judgment on the basis of failure to exhaust, it need not reach Defendants' merits argument.

Under the Prison Litigation Reform Act ("PLRA"), prisoner plaintiffs must exhaust all available administrative remedies before they may challenge the conditions of their confinement in federal court. See 42 U.S.C. § 1997e(a); Downey v. Pa. Dep't of Corr., 968 F.3d 299, 304 (3d Cir. 2020). The statute requires "proper exhaustion," meaning the prisoner must complete the administrative review process in accordance with the procedural rules set by the prison. See id. at 305 (citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The failure to exhaust available administrative remedies is an affirmative defense. See Jones v. Bock, 549 U.S. 199, 216 (2007). Accordingly, "the burden to plead and prove failure to exhaust as an affirmative defense rests on

the defendant." See Rinaldi v. United States, 904 F.3d 257, 268 (2018) (citing Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)).

A prisoner is only required to exhaust administrative remedies that are "available." See id. at 266 (citing Woodford, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" See id. at 266–67 (quoting Ross v. Blake, 578 U.S. 632, 643–44 (2016)). If a defendant establishes that the plaintiff failed to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative process was unavailable to him. See id. at 268.

In this case, it is clear that Lowman failed to exhaust administrative remedies. The undisputed factual record shows that Lowman filed two grievances during the relevant period and failed to exhaust either grievance through a final appeal to SOIGA. (Doc. No. 39 ¶¶ 14 – 27.) The burden accordingly shifts to Lowman to show that the grievance process was unavailable to him, see Rinaldi, 904 F.3d at 268, and because Lowman has not responded to Defendants' motion for summary judgment and has accordingly failed to present any evidence in support of his claims, he has failed to meet that burden. The Court will accordingly grant summary judgment in favor of Defendants based on Lowman's failure to exhaust administrative remedies.

V.    **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment and close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
